**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIA M. ADKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P.,<br><br>Defendant. | Case No. 5:21-cv-02158<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

NOW comes ONIA M. ADKINS, ("Plaintiff"), by and through her undersigned attorney, on behalf of herself and all others similarly situated, complaining as to the conduct of RESURGENT CAPITAL SERVICES, L.P. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Palm Desert, California, which lies within the Central District of California.

5. Defendant is a third party debt collector and debt purchaser claiming to help "thousands of consumers each month resolve their obligations."[1] Defendant is a

---

[1] https://www.resurgent.com/

limited partnership organized under the laws of the state of Delaware with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a purported consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from Plaintiff's purported past due payments said to be owed in connection with a personal line of credit Plaintiff was issued by Arrow Financial Services, LLC ("Arrow").

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by Arrow and eventually purchased by Defendant for collection purposes.

10. In approximately the end of 2014, Plaintiff filed for bankruptcy and included the subject debt in her bankruptcy petition.

11. In 2015, Plaintiff completed her bankruptcy and was granted a discharge, extinguishing her obligation on the subject debt.

12. Thereafter, in approximately 2018, Plaintiff began utilizing a credit repair organization – Freedom Debt Relief, LLC ("FDR") – in order to go about improving

3

her credit score and to address various debts that had accrued since her bankruptcy discharge.

13. Plaintiff's agreement with FDR required her to enroll a number of debts in FDR's program and make certain monthly payments to FDR, in exchange for which FDR would use Plaintiff's monthly payments to work with Plaintiff's creditors to resolve certain debts.

14. Plaintiff proceeded in making her monthly payments to FDR for years.

15. On or about August 20, 2021, FDR sent Plaintiff an email which stated "We've identified debt you have not enrolled in your FDR program that we can help you resolve. **Enroll this debt** now so we can negotiate on your behalf to get you great savings!" (emphasis in original).

16. One of the two debts referenced in FDR's email was the subject debt.

17. Plaintiff became extremely concerned about the email from FDR, as she believed the subject debt was discharged in her bankruptcy, but was led to believe that she had lost such protection given FDR's suggestion that she should enroll this debt in its program.

18. Confused, Plaintiff spent significant time double-checking to ensure that the subject debt was in fact discharged in her bankruptcy. She eventually contacted FDR to ascertain what was going on.

19. During this call, FDR's representative advised that it has a relationship with Defendant where, when FDR is working on resolving debts for a consumer, and

4

Defendant has debts owed by that same consumer, Defendant will provide such information to FDR, and FDR will in turn try and get its clients to enroll Defendant's debts in its program.

20. As such, Defendant indirectly attempted to collect Plaintiff's debt which was uncollectible as it was discharged in bankruptcy.

21. Upon information and belief, Defendant's relationship with FDR is such that Defendant has a pattern and practice of attempting to collect uncollectible debts from consumers through FDR.

22. Defendant's scheme seeks to dupe unwitting consumers into paying uncollectible debts, as it targets consumers actively working to repair their credit, and who are actively making monthly payments to FDR, knowing such consumers will be more likely to enroll debts under these circumstances.

23. Defendant knows that it would not be allowed to contact Plaintiff and consumers directly regarding these uncollectible debts, and so it seeks to leverage the trust consumers and Plaintiff have with their credit repair organizations in order to collect such obligations.

24. Defendant's scheme is inherently deceptive, misleading, and unfair as it seeks to harm already vulnerable consumers in favor of Defendant's bottom line.

25. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to pecuniary harm stemming from being denied the benefit of the bargain of the payments she made to FDR, pecuniary harm stemming from

paying to be subjected to collection efforts on an uncollectible debt, emotional distress, pecuniary harm stemming from paying for deficient credit repair services given Defendant's infection of Plaintiff's relationship with FDR, emotional distress, aggravation, confusion, as well as a risk of harm that Plaintiff would be compelled to make payments on an uncollectible debt as a result of Defendant's false, deceptive, misleading, and unfair conduct.

### CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf and as a class action against Defendant on behalf of the following class:

> All persons residing in the state of California from whom Defendant attempted to collect a debt previously discharged in bankruptcy through FDR during the one year preceding the filing of this action through the date of class certification.

27. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

28. Upon information and belief, the Class consists of hundreds or more persons throughout the state of California, such that joinder of all Class members is impracticable.

29. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA and RFDCPA, particularly because they are based on a common course of conduct by Defendant.

30. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

31. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

32. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA and RFDCPA by attempting to collect uncollectible debts from Class members; (ii) whether Defendant violated the FDCPA and RFDCPA through the nature of its relationship with FDR; and (iii) the type and amount of relief to which Plaintiff and putative Class members are entitled.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "Communicating . . . to any person credit information which is known or which should be known to be false . . . ." 15 U.S.C. § 1692e(8); and,
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §1692e, e(2)(A), and e(10) through its false, deceptive, and misleading conduct in attempting to collect a debt from Plaintiff which she did not owe. The subject debt was discharged in Plaintiff's bankruptcy, yet Defendant nevertheless attempted to collect the debt from Plaintiff. In so doing, Defendant falsely represented that nature and character of the subject debt as being collectible, when in fact it was not.

41. Defendant further violated §§ 1692e and e(10) through its generally deceptive and misleading business relationship with FDR. In connection with its efforts to collect debts, Defendant deceptively seeks to use the services of a credit repair organizations as a channel through which it seeks to collect debts from consumers – debts which such consumers otherwise did not enroll in FDR's program.

42. Defendant further violated §§ 1692e, e(8), and e(10) when it communicated to FDR credit information regarding Plaintiff which it knew or should have known to be false. Upon information and belief, Defendant informed FDR that the subject debt was properly collectible, when in fact it was not.

**b. Violations of FDCPA § 1692f**

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated §1692f by unfairly attempting to collect a debt from Plaintiff which she no longer owed. It was inherently unfair for Defendant to subject

Plaintiff to collection efforts in connection with an obligation previously discharged in bankruptcy.

45. Defendant further violated § 1692f through the unfair manner in which it seeks to collect obligations from consumers through a credit repair organization. Defendant's conduct unfairly seeks to leverage consumers already making monthly payments into addressing obligations with Defendant which Defendant would otherwise be unable to collect.

46. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ONIA M. ADKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

   c. Statutory damages under 15 U.S.C. § 1692k(a);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and,

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

49. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

50. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

51. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

52. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant has engaged in a deceptive and unfair scheme designed to dupe consumers into paying otherwise uncollectible debts.

53. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ONIA M. ADKINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. Costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Award any other relief as the Honorable Court deems just and proper.

Dated: December 29, 2021         Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com